SHEPARD, Chief Justice,
dissenting.
Since the seminal hofdings about the Indiana's medical malpractice statute in Justice DeBruler's opinion, Johnson v. St. Vincent Hospital, 273 Ind. 374, 404 N.E.2d 585 (1980), nearly every decision has adhered to the declaration that the occurrence-based statute of limitations is constitutional on its face. .
In Martin v. Richey, 711 N.E.2d 1273 (Ind.1999), we held that the statute was unconstitutional as applied if it imposed "an impossible condition on [a] plaintiff's access to courts" by barring a malpractice action "simply because she has a disease which may not manifest significant pain or debilitating symptoms until several years after the initial diagnosis or misdiagnosis." 1d. at 1282, 1284. The claim in Martin v. Richey was failure to diagnose breast cancer. We marked the date her injury manifested itself as the date she learned she had breast cancer, three years after the claimed misdiagnosis. Id. at 1284-85.
*1178 This ruling to acknowledge the impossibility of filing certain claims within two years of an act of malpractice was likewise evident in the companion case of Van Dusen v. Stotts, 712 N.E.2d 491 (Ind.1999). There, we said that construing the statute consistent with the state constitution required permitting claims to be filed beyond the two-year limit for "plaintiffs who, because they suffer from cancer or other similar diseases or medical conditions with long latency periods.. .are unable to discover the malpractice and their resulting injury." Id. at 497.
In these cases and others, onee the two-year occurrence statute is cast aside, it has become a challenge to identify any actual date on which the statute of limitation might begin to run. In Boggs v. Tri-State Radiology, 730 N.E.2d 692 (Ind.2000), we held that the statute would run from the date of an alleged misdiagnosis of breast cancer, in an instance where the patient learned she had cancer thirteen months later.
The text of today's majority opinion suggests an intent to overrule these earlier holdings by saying that knowing you have been injured is not enough to warrant applying the statute the Legislature gave us. Rather, the majority puts us on the path that the statute of limitation cannot run unless a medical expert informs the patient that the "pain or debilitating symptoms," (to use the marker Justice Selby laid down), are the product of negligence by a particular actor. Opin. at 1172, 1175.
This declaration, of course, outlines a rule of limitation far more elastic than Indiana applies in any other field of tort law. The dramatic power of this new approach is made manifest by applying it to the remarkable underlying facts in this case-the malpractice claim centers on an operation whose results were a disaster virtually from the day it occurred.
This takes us light years from the restrained application of constitutional principles reflected in Martin v. Richey and turns the medical malpractice statute of limitations into a very liberal rule without so much as a word about why the Indiana Constitution requires the result.